## WELLS v OHIO SAVINGS BK & TR CO

Ohio Appeals, 6th Dist, Lucas Co.
No. 2259. Decided October 28, 1929

Messrs. Harold A. Nessler and Chas. W. Davis, Toledo, for Wells.
Messrs. Geer & Lane, Toledo, for Savings Bk & Tr Co.

LLOYD, J.

Assuming that the above quoted provision of the land contract obligates the defendant to do the things therein enumerated, the contract does not provide when same were to be commenced or completed, but seems rather to contemplate the doing of them as the development of the subdivision progresses. To say the least, this provision of the contract is ingenious in its wording as well as attractive to the prospective buyer. The theory of plaintiff is, however, that by the oral representations of the agent through whom the sale was made the improvements referred to in the contract, as well as some others not specified therein; sewer, for instance,—were to be completed on or before January 1, 1926, and that by reason of the representations so made she is now entitled to the relief sought.

The plaintiff testified that the agent said:

"Out Bancroft Street was the best place to buy, and that they were selling the lots very cheap; that the lots adjoining there were selling for at least double what they were asking, and he told me to purchase several of them and that he would make me at least two or three hundred dollars on each lot in a year's time. He said the contracts were going to be left for all the improvements and the improvements were to begin the first of the year 1925, just as soon as the weather cleared up in 1925, and that just as soon as the improvements were

in that he would resell for me and make a profit. The streets were to be graded and the sidewalks and the sewer and water, boulevard lighting and the gas. He said a number of people had bought lots to build on. He told me that a number of people who had bought lots there expected to build and build right away. It was going to be ·built up, he said, very shortly."

The foregoing is, in substance, all of the testimony of plaintiff as to the alleged representations which she claims induced her to enter into this contract. All of the conversations narrated by plaintiff, except the statement that "the lots adjoining were selling for at least double what they were asking", relates to future occurrences rather than to existing facts, and there is no evidence as to the falsity of this alleged representation. The agent negotiating these sales to plaintiff was not present and did not testify at the trial.

The evidence also discloses that she entered into similar contracts, on the same day, for five other lots, one of which she thereafter sold, assigning the contract therefor to the purchaser.

It seems to us that the most that can be claimed for the conversations narrated by plaintiff is that it was good sales talk and the plaintiff, thinking the purchase of these lots a good investment, accepted what the agent said as fact rather than as his opinion of what would thereafter be done. There is no evidence to show that the agent was authorized to make any representations or to consent to any conditions other than the written contract imposed, and no claim has been made that there was any ambiguity in the contract or that plaintiff did not understand its provisions. She continued to make small payments on the contract and made no claim to a right to rescind same until July 24, 1928, nearly four years after its execution.

We are satisfied that the evidence does not warrant a decree in her favor, and her amended petition is accordingly dismissed. We are also of the opinion that the defendant is entitled to a judgment on its cross-petition and a decree foreclosing its lien for the unpaid purchase price.

WILLIAMS and RICHARDS, JJ., concur.